UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JILL L. OTIS,

        Plaintiff,

  v.                                    Case No. 21-cv-956-pp

COUNTY/STATE THE PEOPLE,
and REBECKEN SACGAW,[1]

        Defendant.

---

**ORDER OVERRULING OBJECTION (DKT. NO. 5), ADOPTING RECOMMENDATION (DKT. NO. 4), DISMISSING CASE AND DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

---

On August 12, 2021, the plaintiff, representing herself, filed a civil complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. The complaint asserts that the plaintiff's civil rights were violated by Kenosha County, Rebecken Sacgaw, and by "people all around the nation." Id. at 1. Magistrate Judge Stephen C. Dries issued a recommendation that this court dismiss the complaint at the screening phase because, under §1915(e)(2)(B)(i), the complaint is frivolous. Id. at 3. Judge Dries further recommended that the court deny as moot the plaintiff's request to proceed

---

[1] It is difficult to decipher the plaintiff's handwriting; the clerk's office identified the defendant as "Rebecken Sacgaw" but it may be that the plaintiff is suing Rebeckea Sargaw. Dkt. No. 1.

1

without prepaying the filing fee. The plaintiff indicated that she wishes to appeal the recommendation. Dkt. No. 5.[2]

## I.      Standard of Review

If a party properly objects to any portion of a magistrate judge's recommendation, the court must review those portions *de novo*. Federal Rule of Civil Procedure 72(b). Otherwise, the court reviews the recommendation for clear error. Fed. R. Civ. P. 72(a); see Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

The recommendation explained to the plaintiff that she had fourteen days from the date of service of the recommendation to file a written objection. The court did not receive an objection within fourteen days; the plaintiff, however, contacted the clerk's office on September 7, 2021 to state that she had not received the report and recommendation. The clerk's office sent her a copy. Three days later, the plaintiff filed a letter stating that she intended to appeal. Dkt. No. 5. The court will construe the letter as an objection and apply the *de novo* standard of review.

## II.     Complaint (Dkt. No. 1)

The plaintiff alleges that on August 11, 2021, she visited the Kenosha Human Development Services to discuss with Sue Rocking the lack of dignity and respect she was receiving from Kenosha County and from "people all

---

[2] Specifically, the plaintiff filed a document naming "The People of Wisconsin Dpt. Of Human Services" as the defendants and stating that she wished to "appeal the ruling" dismissing her case. Dkt. No. 5. At the end of that single-page document, she stated, "We NEED clean Water Diabled." Id.

2

around the nation." Dkt. No. 1. The plaintiff claims that Rocking told her she was being "prosecution." Id. The plaintiff asserts that prosecution is "a course of action . . . [that] is violating [her] civil rights." Id. She says that she is asking for damages or other relief: "69,000000 or verbal, and emotional justor's that the county/state people I don't know." Id. The complaint further alleges that St. Vincent De Paul of Milwaukee hung up on her while she was homeless; that unnamed people are "slending [sic] [her] name and "tell lies;" and that she has pictures and videos of "signs being turned on the street," which is against the law and about which the police do nothing. Id. at 3. The complaint concludes by stating that people "need to stop trying to run [the plaintiff] over telling [her] to go" and that there must be "Liberty Justice for all." Id.

The plaintiff attached a handwritten page with a list of places—"hotel's, restaurant's, gas station's, county high hy. way's, grocery store's, movie's, shoping centers, state building's," laundromats and bathrooms—that she says "got's to stop." Dkt. No. 1-1 at 1. The list ends with the word "COLTH'S." Id. She also attached a form, entitled "WI BALANCE OF STATE CoC Pre-Screen Form," which appears to be related to her homelessness. Id. at 2-3.

### III.  Recommendation (Dkt. No. 4)

On August 19, 2021, Judge Dries issued his recommendation that the court dismiss the case because the plaintiff's claims were frivolous and that it deny her request to proceed without prepaying the filing fee as moot. Dkt. No. 4. Judge Dries cited §1915(e)(2)B(i), which explains that a complaint is frivolous if "it lacks an arguable basis either in law or in fact." Id. at 2 (citing

3

Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). He explained that "[a] complaint is factually frivolous if the allegations are clearly baseless, irrational, fanciful, delusional, or wholly incredible." Id. (quoting Weinschenk v. CIA, 818 F. App'x 557, 557 (7th Cir. 2020) (citing Felton v. City of Chi., 827 F.3d 632, 635 (7th Cir. 2016)).

Judge Dries concluded that the complaint was "clearly frivolous" because it contained "confusing and unrelated allegations" that were going nowhere. Dkt. No. 4 at 2-3. Judge Dries warned the plaintiff that a "failure to file a timely objection with the district judge shall result in a waiver of [the] appeal." Id. at 3.

### IV. Analysis

The federal court is a court of limited jurisdiction; the plaintiff must establish either "federal question" or "diversity" jurisdiction for this court to be able to decide the case. Federal question jurisdiction means that federal courts have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution. 28 U.S.C. §1331. Although the plaintiff says that her civil rights have been violated, she alleges only that Sue Rocking told her she was "being prosecution," that someone at St. Vincent de Paul hung up on her while she was homeless and that the police have done nothing while signs are turned on the streets. Dkt. No. 1 at 1-3. None of these allegations implicate any constitutional provisions or any established civil rights.

"Diversity jurisdiction allows federal courts to consider and decide lawsuits between citizens of different states, if the amount in controversy is

4

more than $75,000. 28 U.S.C. §1332. The parties must be completely diverse which means the plaintiff cannot be a resident of the same state as any of the named defendants. Big Shoulders Capital v. San Luis & Rio Grande R.R., Inc., 13 F.4th 560, 571 (7th Cir. 2021). This court does not have diversity jurisdiction because (1) the plaintiff does not meet the minimum threshold of $75,000 (her claim appears to be for $69,000) and (2) the defendants reside in the same state as the plaintiff.

The defendants the plaintiff has named are not "suable" entities. The plaintiff has sued "County/State the People." Dkt. No. 1 at 1. If by "State the People" she means the State of Wisconsin, she cannot sue the state. The Eleventh Amendment of the United States Constitution prohibits federal courts from hearing cases where the plaintiff seeks money damages against a state without the state's consent. Quern v. Jordan, 440 U.S. 332, 337 (1979). The state of Wisconsin has not consented to be sued.

If by "County" the plaintiff means Kenosha County, Wisconsin, a person can sometimes sue a governmental entity such as a county for violating that person's civil rights. See Monell v. Dep't of Soc. Serv's of City of New York, 436 U.S. 658 (1978). For a plaintiff to sue a governmental entity for civil rights violations, the plaintiff must state facts that show a pattern, practice, custom or policy of violating civil rights. Id. at 690-91. It is not a violation of a person's civil rights to hang up on someone or to turn signs around on the streets.

The last person the plaintiff named as a defendant is Rebecken Sacgaw (or Rebeckea Sargaw). But the complaint contains no allegations against

5

anyone by that name. The only person named in the body of the complaint is Sue Rocking. The plaintiff cannot proceed against someone when she has not explained to the court what that person did to violate her rights.

The court agrees with Judge Dries that the complaint "lacks an arguable basis either in law or in fact." See Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 1989)). "A complaint is factually frivolous if the allegations are clearly baseless, irrational, fanciful, delusional, or wholly incredible." Weinschenk v. CIA, 818 F. App'x 557, 557 (7th Cir. 2020) (citing Felton, 827 F.3d at 635). In Weinschenk v. CIA, 818 F. App'x 557, 557 (7th Cir. 2020), the plaintiff failed to provide a clear connection between the locations, dates, people and events alleged in his complaint. See id.

Here, the plaintiff's allegations have no apparent connection in time or place: the plaintiff spoke with Rocking, tried to call St. Vincent de Paul and alleges that signs were turned around. The court cannot find any connection between the locations, dates, people and events mentioned in the complaint and none of the events the plaintiff describes violate the law. The court must dismiss the complaint.

The Seventh Circuit has held that when a court dismisses a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), it normally should give the plaintiff at least one opportunity to amend before dismissing the case. Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 519 (7th Cir. 2015) (citations omitted). But "district courts have broad

6

Case 2:21-cv-00956-PP   Filed 04/25/22   Page 6 of 8   Document 6

discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008) (citations omitted). The court concludes that it would be futile to allow the plaintiff to file an amended complaint. The allegations in the complaint make no sense, the plaintiff has sued defendants that are not suable entities and there is no diversity or federal question jurisdiction.

**V. Conclusion**

The court **CONSTRUES** the plaintiff's request to appeal as an objection to the report and recommendation and **OVERRULES** the objection. Dkt. No. 5.

The court **ADOPTS** the recommendation of the magistrate judge to dismiss the case. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED** as frivolous and for failure to state a claim. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's request to proceed without prepaying the filing fee. Dkt. No. 2.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty (30) days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within twenty-eight (28) days of the entry of judgment. The court cannon extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 25th day of April, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**